

# NUMBER 13-07-052-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: KNAPP MEDICAL CENTER

## On Petition for Writ of Mandamus

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

This mandamus involves a pre-trial discovery dispute. Relator, Knapp Medical Center ("Knapp"), complains that the trial court granted only part of the relief requested by Knapp in its motion for protective order. Knapp contends the trial court failed to protect information that is privileged under the peer review and medical committee privileges.[1] Because we cannot determine, on the record before us, that the trial court abused its discretion, we deny Knapp's petition.

---

[1] *See* TEX. OCC. CODE ANN. § 160.007(e) (Vernon 2004); TEX. HEALTH & SAFETY CODE ANN. § 161.032 (Vernon Supp. 2007).

**Background**

Real parties in interest[2] are physicians who formerly provided emergency-room services to Knapp. In 1999, Knapp contracted with a new emergency-room services provider; real parties were not included among the physicians providing services under the new contract. Real parties sued Knapp, alleging defamation, tortious interference with an existing or prospective contract, and civil conspiracy.[3]

In the course of written discovery, real parties requested numerous documents, including "all peer review, reports, proceedings, and findings" regarding themselves during their tenure at Knapp. At the deposition of Terry Bergstrom, Knapp's Chief Operating Officer, Knapp's counsel objected and instructed Bergstrom not to answer various questions concerning meetings of Knapp's Emergency Room Committee or Executive Committee regarding real parties. Knapp filed a "Motion for Protective Order to Exclude Privileged Peer Review Evidence," in which it requested a protective order precluding real parties from:

> (1) eliciting or compelling any testimony from witnesses regarding communications to or from committees, including but not limited to the Emergency Room Committee and/or Executive Committee;
>
> (2) eliciting or compelling any testimony from witnesses regarding reports or records received, made or developed to the Emergency Room Committee and/or Executive Committee, members of the medical staff and board of

---

[2] Real parties in interest are Audrey L. Jones, D.O., individually and t/d/b/a Southwestern Health Dynamics, P.A., a Texas corporation, and Nga Goodahl, D.O., individually and t/d/b/a Nga Goodahl, D.O., P.A. This Court requested any response by real parties to be filed by February 5, 2007; however, no response was filed.

[3] Real parties allege they were "blackballed" by physician members of Knapp's Executive Committee, and were subsequently excluded from the emergency-room staff. Real parties initially sued other defendants and alleged other causes of action; however, Knapp is the only remaining defendant and the remaining causes of action are those listed.

Knapp Medical Center; and

[(3)] [p]roducing or attempting to introduce any documentary evidence concerning any and all reports or records received, made, or developed by the Emergency Room Committee or the Executive Committee, and any communications to/from the respective committees.

[(4)] Any such other relief to which it shows itself justly entitled.

At a hearing on Knapp's motion on May 11, 2006, Knapp submitted certain documents to the court for *in camera* inspection. The submitted documents are not included in the record before this Court. On January 19, 2007, the trial court granted Knapp's motion "only as to the documents submitted for in-camera review." In its mandamus petition, Knapp argues:

> Because the trial court's order is limited only to the written documents, Real Parties in Interest may parade the individual physicians and/or medical staff before the court to elicit testimony regarding any oral communications or opinions expressed to the Emergency Room Committee and the Executive Committee regarding [real parties'] qualifications, professional conduct, and/or the quality of patient care that either of them provided. As such, Real Parties in Interest may back-door the substance of the communications made to the peer review committee and discover what the committee considered in conducting the evaluation protected by the statutes.

Knapp requests this Court to direct the trial court to "issue a protective order excluding all privileged communication and information."

## Discussion

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by ordinary appeal.[4] A party does

---

[4] *In re Osteopathic Med. Ctr.*, 16 S.W.3d 881, 885 (Tex. App.–Fort Worth 2000, orig. proceeding) (citing *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840-42 (Tex. 1992) (orig. proceeding); *Arlington Mem'l Hosp. Found., Inc. v. Barton*, 952 S.W.2d 927, 929 (Tex. App.--Fort Worth 1997, orig. proceeding)).

not have an adequate remedy by appeal when an appellate court cannot cure the trial court's erroneous discovery order.[5] An appellate court cannot cure the error when a trial court erroneously orders disclosure of privileged information that materially affects the rights of the aggrieved party.[6]

"The medical peer review committee privilege protects records or determinations of, *or communications to*, a medical peer review committee unless they are made in the regular course of business or the privilege has been waived."[7] As the Texas Supreme Court has noted,

> A litigant should not be able to discover through a back door the substance of the proceedings of a peer review committee and what that committee had before it in arriving at its decisions. Similarly, deposition questions inquiring about communications to a peer review committee and what the committee considered are objectionable because that information is included within "all proceedings" of and "all communications made to" a medical peer review committee.[8]

We agree with Knapp that real parties may not "back-door the substance of the communications made to the peer review committee" by eliciting testimony from witnesses regarding privileged information.

At this stage of the proceedings, however, the trial court has granted Knapp some, but not all, of the relief it requested in its pre-trial motion for protective order. The trial has

---

[5] *Id.*

[6] *Id.*

[7] *Martinez v. Abbott Labs.*, 146 S.W.3d 260, 265 (Tex. App.–Fort Worth 2004, pet. denied) (citing TEX. OCC. CODE ANN. § 160.007(e) (Vernon 2004) (emphasis added)); *see also In re The Univ. of Tex. Health Ctr. at Tyler*, 33 S.W.3d 822, 825 (Tex. 2000) (orig. proceeding); *In re Osteopathic Med. Ctr.*, 16 S.W.3d at 885.

[8] *Irving Healthcare Sys. v. Brooks*, 927 S.W.2d 12, 18 (Tex. 1996) (orig. proceeding).

4

not begun.[9]  A privilege can be asserted at any stage of a legal proceeding.[10]  We decline to construe the trial court's order as a final ruling on the admissibility of witness testimony concerning privileged information during trial.  Accordingly, we conclude the trial court has not abused its discretion, and we deny Knapp's petition for writ of mandamus.  We also hereby lift the stay previously ordered by this Court.

---

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 13th day of March, 2008.

---

[9] On January 26, 2007, this Court stayed proceedings in the trial court pending disposition of the petition for writ of mandamus.  At the same time, the parties entered into a Rule 11 agreement agreeing to a continuance of the trial pending disposition of the original proceeding.

[10] *See* TEX. R. CIV. P. 193.4(a) (providing that a party may "at any reasonable time request a hearing on an objection or claim of privilege asserted under this rule").